**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                               No. 02-4604

LAZARRO MARTINEZ,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-01-129)

Submitted: March 27, 2003

Decided: April 11, 2003

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Douglas N. Truslow, Columbia, South Carolina, for Appellant. J.
Strom Thurmond, Jr., United States Attorney, Dean A. Eichelberger,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Lazarro Martinez appeals his conviction and sentence for conspiracy to steal goods from interstate shipment and theft of goods from interstate shipment, violations of 18 U.S.C. §§ 2, 371, and 659 (2000). We affirm.

Martinez's only issues on appeal are two allegations of prosecutorial misconduct. "The test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks and conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999).

Martinez's first claim is that the Government deceived him regarding whether Martinez's post-theft trip to hide the stolen trailer would be an issue at trial. The record is clear that it is Martinez who made it an issue. Therefore, the prosecutor's conduct was not improper, and even if it was, Martinez suffered no unfair prejudice.

Martinez's second claim is that the Government breached an agreement not to mention Martinez's arrest on state charges arising from the same theft. Even assuming, as the district court did, that the Government in fact breached an agreement, Martinez cannot make the requisite showing of prejudice, especially in light of the court's strong curative instruction. *See United States v. Sheetz*, 293 F.3d 175, 186 (4th Cir. 2002).

Accordingly, we affirm Martinez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*